Good morning. May it please the Court, Christopher J. Stender on behalf of the petitioner Rios Rey. I'd like to reserve two minutes of my time for rebuttal. In this case, the petitioner requests that the Court remand this matter back to the immigration judge so that he can make appropriate factual findings on the motion to reopen. The petitioner had sought to reopen based on changed country conditions of the country of Mexico under the State Created Danger Doctrine. Under the Changed Country Conditions Standard 8 U.S.C. 1229 A.C., material evidence needed to be presented that was not available and would not have been discovered or material evidence that was not available and would not have been presented. So why didn't she raise it in 2002 when it relates back to her cooperation in 1997? Well, it wasn't raised until 2010 when she was encountered by the Department of Homeland Security during a raid, and at that time That's not my question. My question is why did she not raise it in 2002 when the events occurred in 1997? It was not. It could have been raised at that point. She was relying on the visa petition that she was a derivative beneficiary of through her lawful permanent resident father. Previously to The problem is the evidence was available to her then, and I think the agency basically is saying nothing changed up until 2010. She's trying now to rely on an argument she could have raised in 2002, but she didn't raise it until 2010. That's not new evidence. Isn't that the basis of the agency's decision? Well, I think that's part of it because that evidence did exist, but you have to couple that together with what's been going on in Mexico over the course of the eight years from 2002 until 2010, when she filed her motion. But the basis for it is I cooperated with the government as a witness in an alien smuggling investigation and therefore placed myself in danger, and yet no mention of that was made in 2002, nor did she take any steps to apply for an S visa or any of the other forms of relief that might have been available to her if it was a bona fide claim. I mean, what it suggests to me is that it's not until she gets arrested in 2010 that she comes up with the argument, and I'm having a hard time seeing why on this record the agency decision is not supported by substantial evidence. Well, because what's not been taken into account by the immigration judge at that level, and he's the trier of fact and should have looked at what the country conditions were in Mexico in 2010, which he doesn't do. He just makes a finding that, well, this evidence, as you're pointing out, was available back during the original hearing, so why it wasn't presented. Is that what the regs say? In support of a motion to reopen, you've got to show that the evidence was not available to you at that time? Well, the evidence itself was available, but the question is under the statute, would it not have been presented at that time because country conditions in Mexico were not that at the point that they were in 2010, where her fear then was genuine because of conditions of Mexico have obviously deteriorated to such an effect that now she has a reasonable fear based on the testimony that she provided in 1997, and coupled that with the country conditions in Mexico in 2010, that's the basis of her fear, and that's the analysis that the immigration judge was required to conduct and failed to do so. But doesn't she also have to show diligence? That's the other problem with the argument. Well, she has to show diligence, but not — well, that goes into an issue that really was never found by the immigration judge, and the judge could have looked at that but never makes that finding, but the basis was what are country conditions in Mexico in 2010. The judge never kind of gets to that point. You're not responding to my diligence concern. I mean, it's the passage of time that's troubling to me here. We're talking now about events that occurred almost 20 years ago, and it looked to me like she sort of slept on her rights. She might have been able to obtain an S visa and stay here, but she didn't pursue that form of relief. Right, and to get an S visa, she needs the government to actually make that application. But she never has. It's not something that she can apply for herself. The government actually has to be the moving party to do that. None. There's no evidence in the record that she pursued it. That is correct. But, again, I think what — She has an affidavit at page 247 of the record, but she says she never got any notice after 2000. It does say that. It says because she moved. If you note — I don't see this reference anywhere. You don't mention any brief. It doesn't get mentioned by any of the papers below. What do we make of that? I mean, she says, I didn't receive further information, and I continue to have in court until 2000, when the immigration judge ordered my case to be administratively closed, and I could remain in the United States until my priority date became current, through the petition that my father filed for me. And then she said, I didn't receive further information from the immigration until 1st of November 2010 at 6.30 a.m., when immigration officers came to my house telling my — telling my — telling me, I guess, that I had an order of deportation since 2002, and since I didn't obey the order, they came for me. What do we make of that? How does that tie into the diligence argument? And why isn't this discussed in your brief or mentioned below? I think you have a very unusual situation where she — the petitioner was not present for the September 12, 2001 hearing, where it was discussed that the government wanted to move forward with an order of removal or voluntary departure. And at the rescheduled hearing on May 9, 2002, where normally there would be an in absentia finding of removal, that doesn't get entered. The judge goes beyond that, looks at the whole history of the — Why wasn't she there? The record decided why she's not there. Were you representing her? I was at that point, yes, sir. It is a question, do I know why she was not there, or does the record say why she was not there? The record would show, based on the affidavit, that she moved and she did not get noticed, so she was unaware of the hearing that was conducted, potentially both on September 12, 2001 and May 9, 2002. But she is represented by counsel, right? Yes. And counsel got notice. Yes. And counsel is supposed to notify her of hearings. Correct. And notice to counsel is notice to the petitioner, so there is a proper basis for the judge to proceed. But then he exercises a grace at that point and still grants her voluntary departure of 60 days, and she never departs. Then the record's silent for eight years until 2010, when she's encountered by the Department of Homeland Security, and the motion is filed after she's released under an order of supervision. There's a motion filed without the benefit of the entire record at that point. She has hearings, and according to her, she does not get notified. She doesn't get notified by the INS, and I gather she doesn't get notified by her own lawyer. Correct. And now she's in a situation where we're asking the question, why wasn't she diligent in pursuing a claim of persecution? What do we make of the fact that she doesn't hear anything about this? You appeared at the hearing? Pardon me? You appeared at those hearings for her? I appeared at, I believe, the last one. I think an associate appeared at one of the prior, but, yeah, it was my firm at that point. Her affidavit does mention that she moved and that she did not get notice. I don't, you know, there's no record that goes back to there so I could tell the court exactly what happened, but it's my pattern and practice always to send written notice to the respondent. Well, I assume this affidavit, was this prepared by her individually, or did you prepare it for her? How did it get filed in the record? It was attached to a motion to reopen. Prepared by you or prepared by your office? Yes. And that first motion to reopen is denied by the immigration judge in a one-line decision. That gets appealed to the Board of Immigration Appeals. The Board reverses, saying that it obviously doesn't comply with due process. The immigration judge issues a second decision of about two paragraphs, which we again take up to the Board of Immigration Appeals. The Board at that point kind of re- Just to make sure I understand, so as far as we're concerned, notice went to her lawyer and therefore she had notice and therefore her failure to appear is on her. And if she has a claim that she didn't get notice from a lawyer, she has to make an ineffective assistant counsel claim under matter of ACOSTA, right? That's correct. That's what she would have to do. But again, this is not a motion to reopen based on an absentia. This is a motion to reopen based on changed country conditions, and that's what's before the court, and that's what's on appeal. But this was filed when? This was filed in 2010, and she's giving reasons for the motion to reopen, and one reason she gives is, I didn't know about the hearing. Right, because there needed to be an explanation why she wasn't present for the two prior hearings that were conducted in her absence. And, again, normally under the statute there would be an in absentia order of removal, and that was not done here. She was given the grace of voluntary departure at that hearing on May 9, 2002. It never departs. Over that period of time. Well, it sounds to me like she's saying she was never notified that she had the right to depart. She never heard again. It sounds like she's saying. That's what she says. That is correct. And what do we make of that? Do we need to remand it for a fact-finding as to whether or not she got notice? Certainly that could be one option that the court would pursue, and I think that would be, from the petitioner's point of view, an excellent situation, because perhaps she does have a claim that she could pursue based on that. But, nonetheless, when she makes the motion reopen, it's based on the changed country conditions and the fact that conditions had changed over the passage of the eight years. I can see I've exceeded my time. Okay. We'll hear from the government. Thank you. Yes, probably a good idea. Good morning, Your Honors. May it please the Court. You did get caught on behalf of the Respondent. I mean, I'm sure. Okay. Good morning, Your Honors. As this Court has recognized, this case was administratively closed in 2000 to allow the alien to attempt to adjust status based on the visa petition filed by the government. The petition was filed by her father on behalf of her mother, and when the case was reopened in 2001, Now, she claims she never got notice of that. What do we make of that? Precisely. I'm reaching the discussion of the 2001 hearing in which her case was recalendared, and she didn't appear for the hearing, so the judge reset the matter to allow testimony regarding a voluntary departure. Reset to May 9th, 2002, and yet again, the petitioner doesn't appear at her own hearing. Now, the immigration judge, as opposing counsel has indicated, could have proceeded in absentia and yet didn't do so. He allowed voluntary departure, yet the alien did not pay the voluntary departure bond and did not depart voluntarily as agreed to with the government pursuant to the May 9th, 2002, order. Instead, she waits eight years before filing her motion to reopen proceedings with the immigration judge and indicates that she may not have received notice of her 2002 hearing, which, again, as counsel recognizes, notice to the attorney is notice to the alien. She did receive notice of her hearing. She argues that there are changed country conditions. Specifically, she argues that because she participated in a 1997 criminal proceeding as a witness, that these proceedings should be reopened to allow her to apply for asylum, to allow her to seek an S visa. And the immigration judge, in the second decision after the case was remanded from the board, indicated that this is not a sufficient basis for reopening because an untimely motion to reopen seeking asylum must present evidence that was previously unavailable that could not have been presented at the previous hearing. This 1997 criminal proceeding took place before immigration proceedings were instituted, years before she was granted voluntary departure, and approximately 13 years before she filed her motion to reopen. The agency simply does not abuse its discretion when it declines to reopen proceedings. What do we make of the affidavit if we agree to say that she did not get notice? She may have been represented by counsel. It sounds to me like she's saying she was not notified by her own lawyer. What do we make of that? Do we need to send it back for finding as to whether, in fact, she was notified by her own lawyer? No. And that wasn't the issue before the agency because she didn't claim ineffective assistance of counsel. It was her attorney then who was representing her who is representing her now. And no claim for ineffective assistance of counsel was presented in the motion. However, she is eligible to file another motion with the agency claiming ineffective assistance of counsel. That remains a possibility. But the argument presented to the agency and the issue presented to the Court today is whether the change of country conditions based on this participation in the 1997 prosecution was sufficient to warrant a reopening. If she is represented by counsel who is arguably ineffective, how does she know that she has a right to file a petition claiming ineffective assistance of counsel? It's sort of a catch-22, isn't it? In 2010, when she was detected by ICE, when she was taken into detention, she clearly understood that something was wrong. So there was an indication that she had been ordered to remove. ICE notified her as such. So she was aware that there were proceedings which had concluded in her case. And pursuant to law, notice to the attorney was notice to the alien. So she did receive notice of these proceedings by operation of law. And in this case, the argument presented to the agency was that this participation as a witness in 1997 proceedings was sufficient for reopening, and there's simply no basis for that, not in the statute, not in the regulations, and not in the case  itself. And the agency acts within its broad discretion to determining the alien who comes so many years later seeking reopening based on facts which occurred previous to the institution of removal proceedings in the first place does not warrant a reopening. And in this case, Your Honors, the court should deny the petition for review for those reasons. I'm happy to answer any questions you might have. Thank you very much. Thank you. Thank you. Thank you.
judges: Piersol, Kozinski, Tallman